AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br> vs.<br><br>Osman Sabic,<br>    Defendant.  / | **ORDER OF DETENTION PENDING EXTRADITION**<br><br>Case Number: 06x50885 |

  In accordance with the Federal law governing bail in international extradition hearings, a bail hearing has been held. I conclude that the following facts require the detention of the defendant pending extradition in this case.

### Part I – Findings of Fact

❑ (1) I find that:
  ❑ there is probable cause to believe that the defendant has committed an offense
  ❑ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
  ❑ under 18 U.S.C. § 924(c).

 ❑ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

❑ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

❑ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

❑ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):
  ❑ (a) nature of the offense -
  ❑ (b) weight of the evidence -
  ❑ (c) history and characteristics of the defendant -
    ❑ 1) physical and mental condition -
    ❑ 2) employment, financial, family ties -
    ❑ 3) criminal history and record of appearance -
  ❑ (d) probation, parole or bond at time of the alleged offense -
  ❑ (e) danger to another person or community -

**On or about 7/16/95 Osman Sadic was arrested in Bosnia for the alleged murder of his brother in law. He was taken into custody for approximately 9 months awaiting trial. He was eventually tried before a judge and jury and on 10/18/96 he was acquitted of the charges. Approximately three months after his acquittal, Osman Sabic left Bosnia and went to Croatia. Shortly thereafter he came to the United States. After Mr. Sabic left Bosnia, the Bosnian Government appealed his acquittal (Bosnia has no double jeopardy protections) and the Bosnian higher court reversed his acquittal. On 1/14/99 he was convicted of the original homicide charge. The conviction was affirmed in the Bosnia Court of Appeal on 10/22/99.**

**Mr. Sabic is married to Aida and they have a six year old child. They reside o Florian Street in Hamtramck, Michigan. Mr. Sabic owns three businesses and states that he earns $20,000 a month. He has had no contacts with law enforcement while residing in this district, and according to his counsel he holds a green card and is a legal resident.**

**Mr. Sabic's first notice of his Bosnian murder conviction in absentia came six years later, on**

**10/10/06, when he was arrested in this District, pursuant to a warrant issued by the Bosnian government dated 12/06/01. (The matter was apparently not refereed to the US Department of Justice until the Summer of 2006).**

**Mr. Sabic's counsel acknowledges that the Bail Reform Act (18 U.S.C. §3142(8) is not applicable in extradition cases, and that Mr. Sabic has the burden of proving that "special circumstances" exist to rebut the presumption against bail that exists in extradition matters. Defense counsel argues that the following factors, taken as a whole and not individually, constitute special circumstances that rebut the strong presumption against bail:**

**1. That Mr. Sabic is 34 years old and holds a green card**

**2. That his wife, Aida, is a U.S. Citizen**

**3. That Mr. Sabic has strong community ties and friends**

**4. That Mr. Sabic has family residing in this district
    specifically a brother in Hamtramck and a sister in Mt. Clemens**

**5. That Mr. Sabic owns 3 businesses**

**6. That Mr. Sabic and his wife have a 6 year old child.**

**A system of laws that does not bar double jeopardy in criminal matters is inherently repugnant to the American System of Justice. Nonetheless, it is not within the purview of the Court to consider or examine the equity and fairness of legal proceedings in a foreign court. Our Fifth Amendment protections, and the Bosnian Court's lack thereof, are not proper considerations for purposes of this Court's analysis of the propriety of bail in an extradition matter. The relevant treaty is silent on the issue of double jeopardy. Mr. Sabic's initial acquittal on the charges of murder is not relevant to the issue of extradition. The fact that Mr. Sabic was tried and convicted in absentia does not rise to the level of a special circumstance for purposes of determining bail. Rather is a fact to be considered in the subsequent extradition hearing in that it shifts the burden of proof.**
**This Court, after careful consideration, finds that none of the factors presented by Mr. Sabic either individually or taken as a whole, rises to the level of a special circumstance that would rebut the presumption against bail in this extradition matter. Therefore, bail is denied to Mr. Sabic pending extradition, and Detention is Ordered**.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

S/ Mona K. Majzoub

Dated: October 25, 2006

*Signature of Judge*
MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE